**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6075**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JASON LANDIS LINDER, a/k/a Black, a/k/a Rodney Peterson,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:04-cr-00016-RAJ-JEB-5)

Submitted:  March 25, 2010          Decided:  April 2, 2010

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jason Landis Linder, Appellant Pro Se.  Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Landis Linder seeks to appeal the district court's order denying his motion to compel specific performance based on the Government's decision not to file a Fed. R. Crim. P. 35 motion. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4).

The district court entered its order on October 8, 2009. The notice of appeal was filed on January 4, 2010.[*] Because Linder failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988). We further note that even if we applied the sixty-day civil appeal period as stated in the district court's order, Linder's notice of appeal would still have been untimely.

2